# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03297

JONATHAN S. BENTON,

   Plaintiff,

v.

VARGO & JANSON, PC,

   Defendant.

## COMPLAINT

**NOW COMES**, Jonathan S. Benton ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of the Defendant, Vargo & Janson, PC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Colorado and Plaintiff resides in this district.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

1

5. Defendant is a debt collection agency with its principle office located at 6464 West 14th Avenue #200, Lakewood, Colorado 80214. The principal purpose of Defendant's business is the collection of consumer debts. Defendant collects or attempts to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone.

**FACTS SUPPORTING CAUSES OF ACTION**

6. Prior to the conduct giving rise to this action, Plaintiff was notified by a third party collector that he had defaulted on his HSBC platinum credit card ("alleged debt").

7. Plaintiff was perplexed because he did not own an HSBC platinum credit card, and thus the alleged debt did not belong to him.

8. Prior to October 2017, Defendant acquired the rights to collect upon the defaulted alleged debt.

9. In or around October 2017, Defendant garnished Plaintiff's wages for approximately $500.00.

10. In or around March 2019, Plaintiff sent a complaint against Defendant through the Consumer Financial Protection Bureau.

11. In or around March 2019, Plaintiff received a response to his complaint from Defendant.

12. In its response, Defendant threatened Plaintiff with further wage garnishment.

13. Defendant falsely represented the legal status of the alleged debt because Plaintiff did not owe the alleged debt.

14. Defendant unfairly attempted to collect on the alleged debt through the threat of wage garnishment knowing that Plaintiff did not owe such debt.

## DAMAGES

15. Defendant's false representation and misleading conduct has severely disrupted Plaintiff's daily life and general well-being.

16. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, emotional distress, mental anguish, and anxiety as Plaintiff was led to believe he owed the alleged debt.

17. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff restates and realleges paragraphs 1 through 18 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

20. The alleged alleged debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

21. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

22. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

23. Defendant used the mail to attempt to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

24. Defendant's communications to Plaintiff were made in connection with the collection of the alleged debt.

25. One of the purposes of the FDCPA was to eliminate the recurring problem of debt collectors dunning the wrong person.

26. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), and f through its unlawful debt collection practices.

### a. Violations of FDCPA § 1692e

27. "The FDCPA declares it a violation to make a false representation of the character, amount, or legal status of any debt. 15 U.S.C.S. § 1692e(2)(A). Indeed, merely dunning a person who is not legally obligated to pay the debt makes the debt collector liable under that statute as a matter of law because it is, ipso facto, a false representation about the status or character of the debt." *See Owens v. Howe*, No. 1:04-CV-152, 2004 U.S. Dist. LEXIS 22728 (N.D. Ind. Nov. 8, 2004).

28. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the alleged debt.

29. Defendant violated §1692e(2) by falsely representing the legal status of the alleged debt. Specifically, Defendant attempted to deceive Plaintiff into believing that he was responsible for the alleged debt and could have his wages garnished to collect the alleged debt, when Plaintiff had no such obligation because the alleged debt did not belong to him.

30. Furthermore, Defendant violated §1692e(10) by using false representation and deceptive means in connection to the collection of the alleged debt. Defendant falsely represented that Plaintiff owes the alleged debt when Plaintiff did not owe the alleged debt. Defendant attempted to dragoon Plaintiff into paying a debt that did not belong to him.

### b. Violations of FDCPA § 1692f

31. Defendant violated §1692f by using unfair and unconscionable means in attempting to collect on the alleged debt.

32. Specifically, Defendant unfairly threatened to garnish Plaintiff's wages when Plaintiff did not owe the alleged debt. Defendant's unconscionable conduct was employed in order to trick Plaintiff into believing he owed the alleged debt and ultimately to satisfy the alleged debt when the alleged debt did not belong to him.

33. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant deceptive means.

34. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff JONATHAN S. BENTON respectfully requests that this Honorable Court:
a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;
b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);
c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);
d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: November 21, 2019											Respectfully Submitted,

											/s/ Alexander J. Taylor
											/s/ Omar T. Sulaiman
											Alexander J. Taylor, Esq.
											Omar T. Sulaiman, Esq.
											*Counsel for Plaintiff*
											Sulaiman Law Group, Ltd
											2500 S Highland Ave, Suite 200
											Lombard, IL 60148
											Telephone: (630) 575-8181
											ataylor@sulaimanlaw.com
											osulaiman@sulaimanlaw.com