**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-03297

JONATHAN S. BENTON,

      Plaintiff,

v.

VARGO & JANSON, PC,

      Defendant.

---

## DEFENDANT'S MOTION TO DISMISS
## PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6)

---

COMES NOW, Defendant Vargo & Johnson, PC, by and through its attorneys, Harris, Karstaedt, Jamison & Powers, P.C., and hereby submits this Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). As grounds therefore, Defendant states as follows:

### CERTIFICATE OF CONFERRAL

Undersigned counsel certifies that pursuant to D. Colo. L. Civ. R. 7.1(A), she initially conferred with counsel via telephone on December 13, 2019 about this matter, and also sent a letter and e-mail to Plaintiff's counsel on that same date providing proof that Defendant has proceeded to collect a debt owed by Plaintiff pursuant to a lawful judgment duly issued on behalf of a judgment creditor.

In her letter to counsel for Plaintiff, counsel for Defendant requested the Complaint be withdrawn by December 17, 2019 or, alternatively, this Motion to Dismiss (hereinafter the "Motion") would be filed. Defendant also indicated in the letter that Defendant would request attorneys' fees and costs associated with preparing this Motion. As the Complaint has not been withdrawn, Defendant presumes Plaintiff's counsel objects to this Motion to Dismiss.

### INTRODUCTION

1.     Defendant is the law firm of Vargo & Janson, P.C. (hereinafter, "Vargo & Janson"). Vargo & Janson represents Marshall Recovery II, LLC. (hereinafter, "Marshall Recovery").

2.      On January 15, 2015, Precise Financial Group, LLC (hereinafter the "Judgment Creditor") was assigned a judgment secured on behalf of HSBC/Metris for a debt in the amount of $2,833.47 owed by Plaintiff.  This judgment was rendered through the Douglas County Court. (A copy of the Transcript of Judgment, hereinafter, the "Judgment", is attached hereto as Exhibit A).

3.      Plaintiff has never attempted to challenge or move to set aside the Judgment.

4.      On March 20, 2017, Marshall Recovery purchased the Plaintiff's debt from the Judgment Creditor and retained the law firm of Vargo & Janson, Defendant, to collect the debt from Plaintiff. (A copy of the Bill of Sale is attached hereto as Exhibit B). Vargo & Janson has since been attempting to collect this debt on behalf of its client, Marshall Recovery, including collection through garnishment of Plaintiff's wages. (*See* Exhibit C, Writ of Garnishment and Answer to Writ of Garnishment).

5.      On September 28, 2017 Plaintiff called Vargo & Janson regarding the garnishment of his wages pursuant to the Judgment. (A complete recording of this phone call has been provided to counsel for Plaintiff). At the time of the call, the value of the debt had increased to $4,651.11 due to interest at a rate of 23.9% per annum accruing from the date of the Judgment in January 2015.

6.      During the September 28, 2017 call with Plaintiff, Vargo & Janson generously agreed to reduce the debt amount Plaintiff owed of $4,651.11 to only $3,000.00 on the condition that Plaintiff pay $25.00 per week until the debt was extinguished. Plaintiff accepted this offer, but then defaulted on the agreement after only a few payments. That agreement is, therefore, null and void.

7.      As of the date of this Motion, Plaintiff has paid a total of only $197.71 toward the debt. This amount was secured entirely through wage garnishment. The balance on the debt continues to accrue at a rate of 23.9%.

8.      No additional contact has been made with the Plaintiff from Vargo & Janson since the September 28, 2017 call with the Plaintiff, and all collection efforts, including attempts at wage garnishment, have been suspended.

9.      Plaintiff's acknowledgment of the debt owed to Vargo & Janson's client is undisputed. Not only did Plaintiff admit owing the debt in his September 28, 2017 phone call with Vargo & Janson and agree to the settlement offer, Plaintiff admitted owing the debt in various complaints he has made to the Colorado Collection Agency Board and the Consumer Financial Protection Bureau. Notably, each of these complaints, serially filed against Vargo & Janson by Plaintiff, has resulted in the matter being closed with no administrative action taken. (The final resolution of the various administrative complaints is attached hereto as "Exhibit D").

10.    For the reasons set forth herein, Plaintiff's claims against Defendant, are filed in bad faith, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Fees and costs associated with fling this Motion should be awarded pursuant to Fed.R.Civ.P. 11, 28. U.S.C. 1927, 15 U.S.C. 1681 n(c) and, 15 U.S.C. §1692k (a)(3)

## ARGUMENT AND LEGAL AUTHORITY

All of Plaintiff's Claims against Defendant Vargo & Janson set forth in the Complaint allege that Defendant violated the FDCPA when it attempted to collect a debt from Plaintiff that Plaintiff did not owe. No other violation of the FDCPA is claimed. In fact, Plaintiff *did* owe the debt, and moreover, *knew* he owed the debt, as the debt had become the subject of a Judgment issued from Douglas County Court in Colorado in January 2015. Moreover, Plaintiff's Complaint is untimely under the one-year statute of limitations applicable to FDCPA claims. Accordingly, Defendant moves this court to dismiss the Complaint pursuant to the Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(6) for failure to state a claim upon which relief can be granted.

I.    Motion to Dismiss Standard

Federal courts are courts of limited jurisdiction, empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress. *Kelly v. Wolpoff & Abramson, L.L.P.,* 2007 U.S. Dist. LEXIS 60528 at *4-5 (D. Colo. 2007) *citing Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) and *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). When a federal court lacks subject matter jurisdiction over a dispute, the court must dismiss the action or remand the action to state court. 28 U.S.C. § 1447(c) (2006). This rule is inflexible and without exception, requiring a court to deny jurisdiction in all cases where jurisdiction does not affirmatively appear in the record. *Kelly*, LEXIS 60528 at *5 citing *Amundson & Assoc. Art Studio, Ltd. v. Nat'l Council on Compensation Ins., Inc.*, 977 F. Supp. 1116, 1120-21 (D. Kan. 1997) and *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites*, 456 U.S. 694, 702, (1982).

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1) (2018). "The party invoking jurisdiction bears the burden of establishing such jurisdiction . . . ." *Kelly*, LEXIS 60528 at *5 citing *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). A plaintiff "has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Id. citing Pytlik v. Prof'l Res., Ltd.,* 887 F.2d 1371, 1379 (10th Cir. 1989). Moreover, "[w]here a party attacks the factual basis for subject matter jurisdiction, the court does not presume the truthfulness of factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts." *Id.* at *6 *citing Radil,* 384 F.3d at 1224 and *Pringle v. United States,* 208 F.3d 1220, 1222 (10th Cir. 2000).

3

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6) (2018). For the purposes of a Rule 12(b)(6) motion, a court should only dismiss the claim when -- after accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to plaintiff -- the court concludes that the plaintiff failed to allege a set of facts establishing a "plausible entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Dubbs v. Head Start Inc.,* 336 F.3d 1194, 1201 (10th Cir. 2003). "'The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" *Id.* (*quoting Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

In ruling upon a Fed. R. Civ. P. 12(b)(6) motion, a court may consider documents central to Plaintiff's claims that are incorporated by reference so long as the authenticity of those documents is not in dispute. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). Exhibit A attached to this Motion is the Transcript of Judgment issued on January 15, 2015 from the Douglas County Court respecting the debt owed by Plaintiff to HSBC/Metris. The Judgment Creditor sold the debt to Marshall Recovery in March 2017.(Exhibit B). Plaintiff does not dispute that a Judgment was issued against him, and the authenticity of the purchase of the debt from the Judgment Creditor is not disputed (Cmplt. ¶8). Plaintiff cannot dispute that these documents are incorporated by reference in his Complaint, as Plaintiff has claimed the gravamen of Defendant's alleged violation of the FDCPA is that Vargo & Janson attempted to collect a debt that is not owed. (Cmplt. ¶¶.7, 13, 14, 27, 29, 30, and 32).

When a defendant seeks dismissal under Fed. R. Civ. P. 12(b)(1) and Rule 12(b)(6) in the alternative, a federal district court must decide first the Rule 12(b)(1) motion for the Rule 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction. *Kelly*, LEXIS 60528 at *5. Regardless, because the Court has neither subject matter jurisdiction pursuant to Rule 12(b)(1), nor has Plaintiff stated a claim upon which relief can be granted under the FDCPA pursuant to Rule 12(b)(6), Plaintiff's Complaint may be dismissed as a matter of law.

## II.   Plaintiff's FDCPA Claims Warrant Dismissal Based on the FDCPA's One-Year Statute of Limitations, and Based on the Doctrines of *res judicata* and Collateral Estoppel.

### A.   The One-Year Statute of Limitations Precludes Plaintiff's Claims

An action under the FDCPA may be brought "within one year from the date on which the violation occurs." §1692k(d). Absent the application of an equitable doctrine, the statute of limitations in §1692k(d) begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered. *Rotkiske,*

2019 WL 6703563. Relying on the statute's plain language, the U.S. Supreme Court has determined that the operative date for running of the statute of limitations under the FDCPA does not depend on when the plaintiff discovered the alleged violation, but when the violation actually occurs.

In this case, the Plaintiff's Complaint explicitly alleges that Defendant garnished his wages beginning in October 2017. (Cmplt. ¶9). The Complaint further correctly asserts that Defendant acquired its rights to collect the debt from Plaintiff prior to October 2017. (Cmplt. ¶8). Therefore, there are no disputed facts concerning the date Defendant began its collections efforts pursuant to its rights to collect the debt on behalf of its client, Marshall Recovery. Moreover, Defendant has ceased all collections activities since Plaintiff defaulted on the settlement agreement in October 2017, and has not had any further contact with Plaintiff since the date of the one phone call *Plaintiff initiated with Defendant* on September 28, 2017.

The FDCPA statute of limitations rule applied to the undisputed facts of this case would require Plaintiff to file his claims against Defendant by not later than October, 2018, or one year after Defendant began garnishing his wages in collection of the debt. Plaintiff has failed to timely file this Complaint pursuant to the FDCPA, and therefore, the Complaint must be dismissed pursuant to Fed.R.Civ. P. 12(b)(6) as no relief may be granted under the FDCPA for Plaintiff's claims.

### B.    The Doctrines of *Res Judicata* and Collateral Estoppel Preclude Plaintiff's Claims

The doctrines of *res judicata*, or claim preclusion, and collateral estoppel, or issue preclusion, are closely related. *Kelly*, LEXIS 60528 at *5. Generally, when a final judgment on the merits has been obtained in a litigation, *res judicata* precludes parties or their privies from re-litigating the issues that were decided or issues that could have been raised in a prior action. *Id.* In determining the preclusive effect of a state district court judgment, federal courts must follow the rules chosen by the state from which judgment is taken. *Id.*

Under Colorado law, *res judicata* constitutes an absolute bar to suit only upon the satisfaction of three elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; and (3) there must be an identity of subject matter and claims for relief. *Id. Res judicata* not only bars issues actually decided, but also any issues that should have been raised in the first proceeding, but were not. *Id.* Collateral estoppel provides that determination of issues by a valid final judgment to which such determination was essential precludes subsequent re-litigation of the issues in a subsequent action. *Id. See also Carvana v. MFG Fin., Inc.*, 547 F. Supp. 2d 1219 (D.Utah 2008) (applying Utah law). Accordingly, it has been said that collateral estoppel is broader than *res judicata* since it applies to claims for relief different from those litigated in the first action, but narrower in that it only applies to issues actually litigated.

In determining whether a state court judgment precludes a subsequent action in federal court, the court must afford the state judgment full faith and credit, giving it the same preclusive effect as would the courts of the state issuing the judgment. *See Exxon Mobil v. Saudi Basic Indus. Corp.,* 544 U.S. 280 at 293 (2005); *Allen v. McCurry,* 449 U.S. 90, (1980). In this case, Plaintiff's claims are precluded under either the doctrine of *res judicata* or collateral estoppel because the critical contention set forth in Plaintiff's Complaint (*i.e.*, that the debt was not owed by him) was previously litigated in the Colorado courts, and a Judgment was formally rendered against Plaintiff. There is simply no dispute that Plaintiff owed the debt to Vargo & Janson's client, and failed to pay that debt. Moreover, Plaintiff acknowledges that Vargo & Janson's client purchased the debt from the Judgment Creditor. (*See* Cmplt. ¶8, and see Exhibit B). Accordingly, there is no conceivable way Defendant could have violated the FDCPA as alleged in the Complaint.

Moreover, as a point of distinction with the *Kelly* decision which found that claims beyond the original judgment were at issue, and therefore collateral estoppel and *res judicata* did not apply to preclude claims, in this case, there are no FDCPA violations alleged in the Complaint which do not relate to the central allegation that Plaintiff did not owe the debt. Accordingly, either *res judicata* or collateral estoppel may be applied to preclude all of Plaintiff's claims against Defendant set forth in the Complaint. Defendant has pursued collection of Plaintiff's debt pursuant to a Judgment lawfully obtained on behalf of Defendant's client, Marshall Recovery. Accordingly, not only should this matter be dismissed based on *res judicata and collateral estoppel*, the FDCPA does not apply to Plaintiff's claims which are asserted beyond the one-year statute of limitations. The Complaint must be dismissed pursuant to both Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

### III.   Defendant is Entitled to Attorneys' Fees and Costs Associated with the Preparation of this Motion

Significantly, upon receipt of the Summons and Complaint, counsel for Defendant contacted counsel for Plaintiff and requested the Complaint be withdrawn due to the critical issue of the previously issued Judgment against Plaintiff. On December 13, 2019 counsel for Defendant provided counsel for Plaintiff a copy of the Judgment as well as an audio recording of the September 28, 2017 phone call with the Plaintiff related to the garnishment of Plaintiff's wages in satisfaction of that Judgment. There is no dispute as to the authenticity of either the Judgment (Exhibit A), the Bill of Sale (Exhibit B) or the recording of the phone call with the Plaintiff. A letter from counsel accompanied these documents and withdrawal of the Complaint was formally requested to take place by December 17, 2019 before considerable legal resources would be expended in the research and drafting of a Motion to Dismiss. (Exhibit E). The Complaint was not withdrawn despite these good faith efforts.

Recovery of fees and costs for vexatious and frivolous litigation such as is represented by Plaintiff's Complaint against Vargo & Janson is permitted pursuant to

28. U.S.C. 1927 and 15 U.S.C. 1681 n(c). Moreover, pursuant to 15 U.S.C. §1692k (a)(3) concerning civil liability under the FDCPA, costs may be awarded for bad faith assertion of meritless claims. Recently, courts have readily enforced the bad faith rule under the FDCPA. For example, in *Miller v. Trident Asset Management, LLC, et al.* LEXIS 2019 208854 (D. Md., Sept. 19, 2019), the Federal District Court of Maryland found a litigant acted in bad faith in violation of the statute. The court stated: "The term 'bad faith,' as it is ordinarily used in the attorney's fee context, requires a showing either that the party subjectively acted in bad faith—knowing that he had no viable claim—or that he filed an action or paper that was frivolous, unreasonable, or without foundation." *Id. citing Alston v. Branch Banking and Trust Co.*, GJH-15-3100, 2018 U.S. Dist. LEXIS 161566, 2018 WL 4538538 (D. Md. Sept. 20, 2018) and *Ryan v. Trans Union Corp.,* No. 99 C 216, 2001 U.S. Dist. LEXIS 1239, 2001 WL 185182 (N.D.Ill. Feb. 26, 2001)); *see also Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). In considering whether a filing is made in bad faith, the court will focus on the party's mental state at the time of the filing, regardless of whether the filing turned out to be baseless. *Letren v. Trans Union, LLC.*, 2017 U.S. Dist. LEXIS 150056, 2017 WL 4098743, at *1, n. 1 (D.Md. Sept. 15, 2017).

Here the evidence is clear that Plaintiff has acted in bad faith in failing to withdraw the Complaint after receipt of a copy of the 2015 Transcript of Judgment, and a copy of the voice recording of the September 28, 2017 call between Plaintiff and Vargo & Janson acknowledging the debt and setting up payment arrangements. The Plaintiff's state of mind is clearly discernible. He knows the debt is his, yet he maintains the Complaint notwithstanding this dispositive record. The action here is frivolous, unreasonable, and without foundation warranting sanctions for legal fees and costs. Indeed, Fed.R.Civ.P. 11 also mandates that counsel for Plaintiff act in good faith in filing actions such as this before this Court, and accordingly, also may be accountable for fees and costs.

CONCLUSION

The allegations in Plaintiff's Complaint are wholly inadequate and fail to support his claims for violation of the FDCPA against Defendant. As a result, Defendant requests that the Court grant its Motion, dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and award Defendant its attorney fees and costs in having to file this Motion in response to an irredeemably defective Complaint.

Dated this 23rd day of December, 2019.

Respectfully submitted,

s/Cathleen H. Heintz
Cathleen H. Heintz, #30901
Jamey W. Jamison, #10953
HARRIS, KARSTAEDT, JAMISON & POWERS, P.C.
10333 E. Dry Creek Road, Suite 300
Englewood, Colorado 80112
Phone:  720-875-9140
Fax:      720-875-9141
cheintz@hkjp.com
jjamison@hkjp.com
ATTORNEYS FOR DEFENDANT

Certificate of Service

I certify that on December 23, 2019 I electronically filed Defendant's Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Alexander J. Taylor, Esq.
Omar T. Sulaiman, Esq.
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
*Attorneys for Plaintiff*

s/ Virginia Schermerhorn