# Gerald Vargo

**From:** Nicholas Brechun <Nicholas.Brechun@coag.gov>
**Sent:** Tuesday, June 26, 2018 3:43 PM
**To:** 'Gerald Vargo'
**Subject:** Complaint of Jonathan Benton
**Attachments:** image003.jpg

Hello Gerald,

Unless we receive additional information the complaint filed by Mr. Benton has been closed by our office and at this time will not be investigating further.

Regards,
Nick

*Nicholas. A. Brechun*
*Compliance Supervisor*
*Colorado Department of Law*
*Ralph L. Carr Judicial Center*
*1300 Broadway*
*Denver, Colorado 80203*
*720-508-6099*



# EXHIBIT D

## John Vargo

| | |
|---|---|
| **From:** | John Vargo <john.vargo@marshallrecovery.net> |
| **Sent:** | Friday, April 06, 2018 12:13 PM |
| **To:** | 'Nicholas Brechun' |
| **Cc:** | gerald.vargo@vargojanson.com |
| **Subject:** | RE: Request for documents from the Colorado Attorney General's Office |
| **Attachments:** | 2017-06-15 16-16-19 BENTON SUB.pdf; benton line item.xlsx; pfg to mr2 bos.pdf; pfg1 psa.pdf |

Mr. Brechun, I left you a voice mail to discuss what you need as I know Gerald Vargo at Vargo & Janson PC submitted documents by mail to your office on 10-16-17 after Mr. Benton first filed the report. The judgment was purchased by Marshall Recovery II LLC on 3-20-17. Precise Financial Group provided a spreadsheet (I have redacted the other accounts as well as Mr. Benton's SSN and DOB) which was then forwarded to Vargo & Janson. Vargo & Janson then filed a substitution of council (attached) and proceed with collection of the judgment.

Marshall Recovery II LLC is a passive debt buyer. It does not make any attempt to collect debt itself. It forwards any purchased account to a collection agent, in this case Vargo & Janson PC. I have no phone logs or any other type of communication sent to Mr. Benton because Marshall Recovery II LLC has made no attempts to contact Mr. Benton.

John Vargo
Marshall Recovery II LLC
PO Box 280389
Lakewood, CO 80228
720-974-9300 xt 841
1-888-333-1445 toll free
303-233-2210 fax

This message may contain confidential and/or proprietary information and is intended for the person/entity to whom it was originally addressed. Any use by others is strictly prohibited.

**From:** Nicholas Brechun [mailto:Nicholas.Brechun@coag.gov]
**Sent:** Monday, April 02, 2018 12:37 PM
**To:** 'john.vargo@marshallrecovery.net' <john.vargo@marshallrecovery.net>
**Subject:** Request for documents from the Colorado Attorney General's Office

Good Afternoon Mr. Vargo,

Please see attached complaint which our office is investigating. By Monday, April 9th please provide ALL documents and records to include but not limited to telephone logs and recordings (if any), letters sent (initial notification and subsequent communications) the contract between you and any underlying creditors, and any other information related to the account of Jonathon Benton in your possession.

Feel free to contact me at the number listed below if you have any questions.

Regards,
Nick

1

*Nicholas. A. Brechun*
*Compliance Supervisor*
*Colorado Department of Law*
*Ralph L. Carr Judicial Center*
*1300 Broadway*
*Denver, Colorado 80203*
*720-508-6099*



*Nicholas. A. Brechun*
*Compliance Supervisor*
*Colorado Department of Law*

# Gerald Vargo

| | |
|---|---|
| **From:** | John Vargo <john.vargo@vargojanson.com> |
| **Sent:** | Monday, October 09, 2017 12:38 PM |
| **To:** | gerald.vargo@vargojanson.com |
| **Subject:** | FW: Janson and vargo / Consumer Complaint of Jonathon Benton / Vargo & Janson P C |
| **Attachments:** | Janson and vargo |

-----Original Message-----
From: CAR Complaint [mailto:car.complaint@coag.gov]
Sent: Thursday, October 05, 2017 10:34 AM
To: 'contact@vargojanson.com' <contact@vargojanson.com>
Subject: FW: Janson and vargo / Consumer Complaint of Jonathon Benton / Vargo & Janson P C


Attached please find a complaint recently filed with our office concerning your collection agency. Please review the complaint and respond in writing to our office by October 19, 2017.

Your response should include collection notes, copies of relevant correspondence to and from the consumer, and copies of any other pertinent documents.

We may contact you again if needed additional information. We will send the consumer a copy of your response; if you require notification of the outcome of the complaint, please contact us via email at car.complaint@coag.gov.

Your prompt attention to this matter is appreciated.

*[Handwritten note: 330 GARW? Per Frank he didn't but might client did? He to call 10/11 + let me know]*

Thanks,

Tony Cordova
Colorado Department of Law
Consumer Credit Unit
Collection Agency Regulation
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, CO 80203
720-508-6022
720-508-6033(Fax)
tony.cordova@coag.gov

*[Handwritten note: COMPLAINT + RESPONSE TO CAS JOHN TO DO CFPB RESPONSE]*

1

# Gerald Vargo

**From:** noreply@coag.gov
**Sent:** Wednesday, October 04, 2017 11:59 PM
**To:** CAR Complaint
**Subject:** Janson and vargo

Submitted on Wednesday, October 4, 2017 - 11:58pm Submitted by anonymous user: 172.58.56.203 Submitted values are:

 ==Consumer Information==
  Consumer Name: jonathon benton
  Address: 1394 n tabor dr
  City: Castle rock
  State: Colorado
  Zip Code: 80104
  Email Address: jonathon608@gmail.com
  Phone Number: 3036638854
   ==Military Information==
    Are you an active or retired member of the U.S. Armed Forces or a
     dependent? No

*[handwritten: FRANK 625 7000]*

==Business Information==
 ==Business Information==
  Business Name: Janson and vargo
  Business Address: PO Box 280389, Lakewood, CO 80228
  City: Lakewood
  State: Colorado
  Zip Code: 80228
  Email Address: Contact@VargoJanson.com
  Phone Number: 303-238-8832
  Website: Janson and vargo.com
  Type of Business: Collection Agency
  Other:
  Type of Debt: Credit Card
  Other:

==Complaint Information==
 ==Complaint==
  Summary of Complaint: Over 14 years ago I had credit from HSBC however I thought bill was paid off about 2 years ago I received papers to appear in court over this debt . When I talked to an attorney she advised me not to appear in court over this so called debt . I was served at work that was only a training position and I wasn't getting paid . I was in college at this

1

time at arapahoe community college and was receiving financial aid for my courses and books however janson and vargo garnished my financial aid funds of 330 dollars . They harassed me at work which caused problems and I lost my training position. The owner of the shop didn't appreciate calls like this at his place of business. I also had issues in a class I was taking at arapahoe community college due to janson and vargo taking money for my class About two weeks ago I was served garnishment papers at another job two weeks ago janso and vargo took 130 dollars out of my check causing me to miss payments on tools I use for my job training position. I also got in trouble when supervisors found out . I was recently told that there is a statue of limitation on debts by an attorney but yet I'm still having problems with this debt collector . I'm writing to find out what can be done . Originally I thought this was a medical issue but found out it's a debt from a passed card I thought was paid off . I have lived in castle rock for almost 15 years now . Janson and vargos harrasment can again cause me to lose my training position

==Related Documents==
Do you have any documents you would like to submit with your complaint? No

The results of this submission may be viewed at:
https://coag.gov/node/1776/submission/6037

2

# VARGO & JANSON PC

| | | |
|---|---|---|
| Attorneys and Counselors at Law<br>Physical Address:<br>6464 W 14th Ave #200, Lakewood<br>Mailing Address:<br>PO Box 280389<br>Lakewood CO 80228-0389 | 1-888-77SUBRO (7-8276)<br>Phone: 303-238-8832<br>Fax: 303-233-2210 | Gerald P Vargo<br>Yosy V Janson<br>---<br>Nick Deganhart |

October 16, 2017

Mr Tony Cordova
Colo Dept of Law/Collection agency regulation
1300 Broadway, 6th fl
Denver CO 80203

Re: Jonathon Benton complaint

Dear Mr Cordova:

Response to complaint filed by Jonathon Benton against Vargo & Janson PC Oct 4, 2017:

HERE ARE THE FACTS AS RESPONDENT KNOWS THEM: Vargo & Janson PC (hereinafter VJ) represents Marshall Recovery II LLC (hereinafter MR) in this matter. Marshall Recovery II LLC is a debt buyer and purchased this account, which was reduced to judgment before the purchase date, on March 20, 2017 (see Bill of Sale).

After filing an Entry of Appearance and a Motion to Substitute attorneys, then obtaining the current judgment figures, the account was put on V&J's system (See system notes beginning May 11, 2017 (See system notes "17051117:11:22" - first 2 numbers designate the person who put the notes into the system, next is the date of the note and then the time).

VJ sent ONE letter, a "430", see "Sample Letter" dated this date which is the exact same letter sent to Mr Benton on 7/18/17 except dated today (Oct 9, 2017) with updated figures representing any interest and court costs accumulated since the first letter was sent. There was no reply from Mr Benton regarding this letter. The letter gives the debtor 30 days to dispute any matter they may wish. VJ's standard practice is to not do nothing until after 40 days.

On 8/30/17 VJ prepared a garnishment which was served on Mr Benton's employer, Service King Paint & Body, LLC (see issued garnishment and Answer of Garnishee dated Sep 27, 2017). Mr Benton called VJ 9/28/17, confirmed he resided at the address to which the July 18, 2017 letter was sent, but he hung up before a manager could talk to him about the issues he was raising. The manager called him back 13 minutes later (see times on 9/28, 15:23 and 15:36) and discussed the basis of this account which was a defaulted credit card debt that was reduced to judgment Jan 15, 2015. Mr Benton thought this was a medical debt. VJ cannot comment on his assertion that an attorney (presumably the attorney for plaintiff) "recommended him (sic) not to show up" as this was well before VJ or MR became involved with this claim. VJ received its first garnishment check Oct 6, 2017 in the amount of $122.71. In that 9/28 conversation VJ agreed to modify the garnishment to a figure he could afford and we both agree to (which VJ is under no compunction to do) to $25 per pay period (versus the $122.71 we received for one week's garnishment). The modification was faxed to his payroll office 9/29 .

Page two, Oct 16, 2017 Benton comlaint

VJ also agreed to accept $3,000.00 as Settlement in Full (SIF) with no interest to accrue. The judgment provided for 23.9% interest versus the legal obligation of Mr Benton paying $4,651.11 plus continuing interest at 23.9% - a substantial concession that VJ was not obligated to agree to. Why does VJ do this (with client's approval, of course)? VJ and our clients prefer to work WITH debtors to resolve debts rather than being forceful (which also increases court costs and additional attorney fees (if provided for).

As Mr Benton is disputing this debt and filed complaints with the Colorado Collection Agency Board and the Consumer Financial Protection Bureau, VJ has suspended the modified garnishment until this matter is resolved.


NOW, THE COMPLAINT ALLEGATIONS:
Mr Benton does not go into specific dates, but he alleges VJ garnished $330. VJ does not know when this garnishment occurred, but VJ did not garnish Mr Benton until September of 2017. The referenced garnishment is presumed to have been issued by another creditor as the attorney who took the original judgment stated he did not garnishee Mr Benton.

He next says that VJ harassed him at work. See System Notes - VJ never called him at his home or place of work previous to his call to VJ Sep 28, 2017. We did return that call. No other calls were made to his work or home. A review of Mr Benton's credit report indicates other creditors may have been "harassing" him.

He says VJ garnisheed his wages for $130.00 but see our notes of receiving $122.71.

He raises the issue of statute of limitation, but the judgment is proof that the action was timely brought, was adjudicated and remains unsatisfied.

Lastly, Mr Benton alleges VJ's "harassment can again cause me to lose my training position". Given that VJ has only sent one letter and initiated absolutely no phone calls or any other medium of communication (other than the garnishment and a return call to address the issues raised to a paralegal 9/28), there cannot be any harassment as alleged or that will occur in the future by VJ by any definition of the word 'harassment'.

Wherefore, VJ awaits the decisions of both the Board and CFPB as to whether VJ engaged in any untoward manner or activities in this matter.

Sincerely,

Gerald P Vargo
hvb